UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TEDDY ALLMAN, on his own behalf and on behalf of a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF, BARTHOLOMEW COUNTY, INDIANA, in his official capacity,<br><br>Defendant. | No. 1:21-cv-711 |

**Class Action Complaint for Declaratory and Injunctive Relief and for Individual Nominal Damages**

**Introduction**

1. Prisoners in the Bartholomew County Jail are able to communicate with persons outside of the Jail through a private company, HomeWAV, which allows for telephone calls, video visits, and emails. The Bartholomew County Sheriff has adopted a policy that prohibits "excessive profanity" during these communications. The Sheriff has indicated that there is "zero tolerance" for excessive profanity and that violation of the policy can lead to a suspension or termination of HomeWAV privileges. The prohibition of profanity, even if it has no disruptive potential but is just part of normal conversation, violates the First Amendment and the undefined term "excessive," is inherently vague and subjective, compounding the First Amendment violation. The policy affects all the

[1]

prisoners in the Jail and must be enjoined. Plaintiff is also entitled to nominal damages for violation of his First Amendment rights.

**Jurisdiction, venue, and cause of action**

2.  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.  Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2201 and by Rule 57 of the Federal Rules of Civil Procedure.

5.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6.  Teddy Allman is an adult person currently confined in the Bartholomew County Jail in Columbus, Indiana.

7.  The Sheriff of Bartholomew County is the duly elected Sheriff of the county and is sued in his official capacity pursuant to Fed. R. Civ. P. 17(d).

**Class action allegations**

8.  Plaintiff brings this action on his own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure with the class defined as:

    > all persons currently, or who will be, confined in the Bartholomew County Jail.

9.  The proposed class meets all the requirements of Fed. R. Civ. P. 23(a). Specifically:

[2]

    a. The class is so numerous that joinder of all members is impracticable. There are more than 150 persons in the Bartholomew County Jail.

    b. There are questions of law or fact common to the class, namely whether the challenged policy concerning profanity violates the First Amendment.

    c. The claims of the named plaintiff are typical of those of the class.

    d. The named plaintiff will fairly and adequately protect the interests of the class.

10. The further requirements of Fed. R. Civ. P. 23(b)(2) are met in this action as defendant has acted and has refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

11. Undersigned counsel is an appropriate person to be appointed class counsel pursuant to Fed. R. Civ. P. 23(g).

**Facts**

12. Teddy Allman is currently confined as a pretrial detainee in the Bartholomew County Jail.

13. At the current time there is no in-person visitation at the Bartholomew County Jail.

14. Prisoners at the Bartholomew County Jail are able to communicate with persons outside of the Jail by letter or they may use services provided, for a cost, by a private company, HomeWAV.

15. Prisoners may make telephone calls through HomeWAV. They may also make and receive emails and conduct video visits.

16. All communications through HomeWAV are subject to review, and are reviewed, by employees of defendant and the prisoners are made aware that this will occur.

17. It is common for prisoners to use profanity, not necessarily because of anger or hostility, but as part of normal conversations in the Jail.

18. The staff at the Jail also use profanity.

19. The use of profanity by adults is common. Studies show that 62% of 18-34-year-olds acknowledge swearing at least a few times a week, while 39% of those 35 and older swear that frequently. NBC NEWS *Watch your mouth!* (Mar. 29, 2006), https://www.nbcnews.com/id/wbna12063093 (last visited Mar. 9, 2021). A more recent survey notes that 57% of Americans swear at work. Engoo Daily News, *Survey: 57% of Americans Swear at Work*, Dec. 6, 2019, https://engoo.com/app/daily-news/article/survey-57-of-americans-swear-at-work/-fZ5ChTlEeqYhLMuNr6QOQ (last visited Mar. 9, 2021).

20. Despite the fact that profanity is part of normal parlance at the Jail, defendant has enacted and posted the following policy for prisoners at the Jail.

> HomeWav Accounts:
>
> If we locate obscene gestures, nudity, excessive profanity your visitor will be suspended from visiting you and your account is subject to be suspended and if it continues, you will lose your homewav rights. There is a zero tolerance with obscene gestures, nudity, and excessive profanity. **This will be monitored closely and this is everyone's warning now that it STOPS NOW!**
>
> We are excited to have the features homewav allow you to visit with loved ones, so please make sure you relay the above things to them also so they do not get their account suspended. I would not like to

> suspend or terminate anyone's visiting rights, but again the above things are zero tolerance.
>
> Thank you for your cooperation!

21. At no point has defendant explained or defined the term "excessive" profanity and it is not clear what words that the defendant considers to be profane.

22. Mr. Allman uses the HomeWAV technology in the Jail to make phone calls, make and receive text messages, and to participate in video visits.

23. This policy covers all of the above communications that are made through HomeWAV technology.

24. During the course of normal conversations and communications, Mr. Allman frequently uses profanity to assist with expressing his ideas and thoughts and its use his spontaneous so that it is difficult, if not impossible for him to avoid using the language while involved in a conversation.

25. Additionally, a number of the persons with whom he communicates through HomeWAV use profanity in the course of their normal conversations, meaning that his communication rights with them may be suspended because of profanity that they use in their communications.

26. Because Mr. Allman is at risk of being punished pursuant to the defendant's policy, he filed a grievance on November 30, 2020, that stated that the policy on "cursing" violated the First Amendment.

27. The grievance was responded to on December 23, 2020, with the following answer: "Our visitation policies, there is to be no profanity."

28. Mr. Allman was not informed that there was any appeal from this response and he has exhausted all grievance remedies available to him.

29. Mr. Allman's ability to effectively communicate with persons outside of the Jail is being impinged upon because any use of profanity by either him or the person with whom he is communicating may lead to suspension of his ability to communicate with that persons or to communicate in general.

30. He is being caused irreparable harm for which there is no adequate remedy at law.

31. He is entitled to nominal damages for violation of this First Amendment rights.

32. At all times defendant has acted under color of state law.

**Legal claim**

33. To the extent that defendant's HomeWAV policy prohibits excessive profanity it violates the First Amendment.

WHEREFORE, plaintiff requests that this Court

a. accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. certify this case as a class action consistent with plaintiff's separate motion to this effect that will be filed.

c. declare that defendant's prohibition on excessive profanity is unconstitutional for the reasons noted above.

    d.    enter a preliminary injunction, later to be made permanent, enjoining defendant's policy insofar as it prohibits excessive profanity.

    e.    award plaintiff nominal damages for the violation of his constitutional rights.

    f.    award plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

    g.    award all other proper relief.

> Kenneth J. Falk
> ACLU of Indiana
> 1031 E. Washington St.
> Indianapolis, IN 46202
> 317/635-4059
> fax: 317/635-4105
> kfalk@aclu-in.org
>
> Attorney for Plaintiff and the Putative Class